In re the Matter of K.J.R.H., a minor.

Jon P. Herrick, Petitioner–Respondent,

v.

Tyler R. Reed, Respondent–Appellant.

No. SD 30309.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 19, 2011.

Daniel J. Pingelton, Columbia, MO, for Appellant.

Carolyn G. Buschjost, Rolla, MO, for Respondent.

Emily L. Woodward, Rolla, MO, Guardian Ad Litem for Minor Child.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Tyler R. Reed ("Appellant") is the putative father of K.J.R.H.; K.J.R.H.'s mother ("C.H.") is deceased; and C.H.'s father, Jon P. Herrick ("Pat")[1] was appointed guardian of the child. Appellant contends the probate division erred in granting the guardianship because sufficient evidence did not support a finding that Appellant was unfit to care for the child. We find no error and affirm the judgment.

In the light most favorable to the judgment, the evidence shows:[2] C.H. met Appellant in Colorado and presumably conceived K.J.R.H. there. We say presumably because there was no evidence that paternity of K.J.R.H. had been legally established at the time of the guardianship hearing. There was evidence that Appellant was still requesting paternity testing shortly before the guardianship hearing. C.H. and Appellant abused alcohol and marijuana while C.H. resided in Colorado with Appellant. Additionally, Appellant was verbally abusive to C.H., calling her derogatory names. During most of the time C.H. was in Colorado, Appellant was unemployed.

C.H. advised her father, Pat, that neither Appellant nor his mother wanted the baby. Approximately two to three months prior to K.J.R.H.'s birth, C.H. left Colorado and returned to Missouri to reside with Pat. Appellant and his mother visited in Pat's home for a short time immediately following the birth of K.J.R.H. Pat advised both of them that his home was their home and they were welcome there because he wanted Appellant to establish a relationship as K.J.R.H.'s father; however, that was the only visit either Appellant or his mother had with the child.

After the visit, Appellant and Pat had no further conversations but C.H. requested financial assistance from Appellant. Appellant or his mother sent two Walmart gift cards in the amount of $100.00 each, but no other financial assistance. Upon notification of C.H.'s death, Appellant talked to Pat and stated that he got drunk and passed out on C.H.'s mother's porch. During that call, Appellant apologized for the way he talked to C.H., for not being there, and for not being a father to K.J.R.H.; he further stated that he thought K.J.R.H. was in the right place. Later, when Pat advised Appellant that he intended to file for the guardianship of K.J.R.H., Appellant made no objections, was supportive, and asked if he could maybe visit over the Thanksgiving holiday. No further request was made for visitation until the date of the hearing.

Appellant admitted to Pat that Appellant had a problem with alcohol abuse on

---

1. For clarity we may sometimes refer to individuals by their first names; no familiarity or disrespect is intended.

2. "[W]e view the evidence in the light most favorable to the judgment, giving deference to the [probate] court's credibility determinations." *In re B.M.O.*, 310 S.W.3d 281, 286 (Mo.App. S.D.2010).

more than one occasion and a need to work on his problems with alcohol and anger. He has never received any treatment for his use of alcohol or other substances, and currently has a prescription for marijuana, which he uses three to five times per week. He has made statements that he was aware of his inability or unfitness to care for K.J.R.H. Appellant was also aware of C.H.'s problems with drugs and alcohol and her attempts to get help or treatment, but did not assist in any way with the care of K.J.R.H. during this time. Appellant is still struggling financially, has no specific plan for child care while he works, and has no information as to how to provide insurance for K.J.R.H.[3]

■ We review the probate division's judgment in guardianship proceedings to determine if it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *In re Benson,* 124 S.W.3d 79, 83 (Mo.App. S.D.2004). We consider all the evidence and reasonable inferences in a light most favorable to the probate division's judgment, disregarding any evidence or inferences to the contrary. *Id.* Although there is a rebuttable presumption that a natural parent is the appropriate custodian for a minor child, it may be overcome by evidence that the parent is unfit, unable, or unwilling to take care of the child. *Cotton v. Wise,* 977 S.W.2d 263, 264 (Mo. banc 1998).

■ Although Appellant contends that the evidence does not support the probate division's finding of unfitness, we disagree. We have cited to ample evidence that Appellant was not ready to parent K.J.R.H. His lack of planning for childcare, insurance, and housing, combined with his problems with alcohol, anger management, and

marijuana provide the basis for a finding that he was currently unfit. We find no error in the judgment finding Appellant unwilling, unable, and unfit to be the custodian of K.J.R.H.

The judgment is affirmed.

SCOTT, C.J., and BATES, J., concur.

---

3. We are aware that there was favorable and contrary evidence at the trial; however, the court was not obligated to accept that evidence.